# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## U. S. DISTRICT COURT

### No. 379

### FIX et al v. UNITED STATES

U. S. District Court, N. D. Ohio, E. D.

No. 2827.  Feb. 27, 1923

This opinion has not been published except in Abstract.

ADMIRALTY—(1) Jurisdiction in a libel in rem.— (2) Where a maritime lien exists—(3) Authority of character to bind vessel for repairs.

WESTENHAVER, D. J.

Epitomized Opinion

This was a libel proceedings against the U. S. government. The ship in question was owned by the U. S. government but was in the possession of the Baltic Steamship Corporation under a charter sales agreement with the U. S. government. This agreement forbade the charterer from binding the vessel for repairs, supplies and other necessaries. Nevertheless, the Baltic Steamship Corporation entered into an agreement with Fix to clean and reweld 1280 boiler tubes for the steamship "President Filmore." These boiler tubes were intended to be returned to the steamship and carried as extra supply parts. The tubes were shipped to Cleveland where the work was finished but they were never returned to the ship. The ship was in foreign waters at the time that the libel was sued out. The U. S. government insisted that relief could not be granted: First, the court was without jurisdiction; second, as no maritime lien attached to the vessel; third, that the libellants were without remedy because of the terms of the charter sales agreement. The court held:

1. The Admiralty Act does not confer jurisdiction upon this court of a proceeding based upon a maritime lien enforceable only in accordance with the principles of a libel in rem if a vessel is not within the port of the U. S. or its possessions at the time the libel is filed.

2. The repairs, supplies or other necessaries furnished a ship must be delivered to the vessel in order that a maritime lien will arise, which is not the fact in this case.

3. Under the charter sales agreement in this case charterer had no authority to bind the vessel for repairs.  Libel dismissed.

Attorneys—Holding, Masten, Duncan & Leckie, for Fix et al.; E. S. Wertz, for United States.

## SUPREME COURT of OHIO

COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins. H L. Connett, Columbus.

LAW LIBRARY
Librarian—Louis McCallister, Columbus.
Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

No new cases this week.

## SUPREME COURT
### SYLLABI

No. 17863—The State ex rel Edward Bushnell, Trustee, v. Board of County Commissioners of Cuyahoga County.  Error to the Court of Appeals of Cuyahoga County.

BRIDGES—Authority of County Commissioners to build—Connecting state or county roads by—Secs. 2421-7557 GC.—When electors have voted for, may acquire road for under Sec. 5638 GC.

Error to the Court of Appeals of Cuyahoga County

ROBINSON, J.:

Sections 242 and 7535, General Code, do not authorize the Board of County Commissioners to build bridges other than on established roads. Such board is without power to connect two state or county roads by gridge without first laying out and acquiring a road connecting such state or county roads. Bue where such board has been authorized by a vote of the electors under Section 5368, General Code, to expend in excess of $18,000 in the construction of a bridge on a given site connecting two state or county roads, it may thereafter lay out and acquire a road on such site and then construct the bridge within the limitations of the authorization.

Judgment reversed.

Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

No. 17764—Board of County Commissioners of Franklin County et al v. Public Utilities Commission et al.  Error to the Public Utilities Commission.

INTREURBAN RAILROADS—Receivership—Abandonment of branch line in interstate system—State courts or commissioner not to disturb property in receiver's custody.

Marshall, C. J.:

Where an interstate system of interurban railroads is in the custody of a receiver appointed by a federal court in proceedings to foreclose a mortgage, and that court grants an application to abandon a branch line of such system, which branch is wholly within this state, on the ground that it is operated at a loss, such order of the federal court concerning property in its custody may not be disturbed by the state commission or the state courts.

Order affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.  Wanamaker, J., not participating.